UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHRIST HEALING CHURCH | § | CASE NO. 10-35919 |
| Debtor | § | (Chapter 11) |

**MOTION OF FOUNDATION CAPITAL RESOURCES, INC.
FOR RELIEF FROM THE STAY**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON JANUARY 18, 2011, AT 9:00 A.M., C.S.T., IN COURTROOM 600, 6TH FLOOR, 515 RUSK, HOUSTON, TEXAS 77002.**

TO THE HONORABLE BANKRUPTCY COURT JUDGE:

**COMES NOW, Foundation Capital Resources, Inc.**, Movant herein, and files this Motion for Relief from the Stay, against the Debtor, **Christ Healing Church,** and would respectfully show unto the Court as follows:

**Jurisdiction**

1.    This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. §1334 and to grant the relief requested herein pursuant to 11 U.S.C. §362.

[K:\Wpmain\23907\86910\MRS.wpd]

**Background**

2. On July 12, 2010, Debtor filed a Petition for Relief under Chapter 11 of the Bankruptcy Code, thereby initiating the captioned bankruptcy case.

3. Movant is a secured creditor of the Debtor in the amount of $1,134,383.28 (the "Indebtedness") as of the date of the Debtor's filing as reflected in the Movant's proof of claim on file in this case, (principal $981,173.77, interest to July 12, 2010, $114,312.45, late charges $11,572.09, prepetition attorneys fees and foreclosure expenses $27,324.97) by virtue of a loan Movant made to the Debtor evidenced by a Promissory Note dated June 6, 2008, in the original principal amount of $982,000.00 (the "Note"). In addition, interest, costs, and attorney's fees continue to accrue.

4. To secure the Indebtedness under the Note, the Debtor executed a Deed of Trust dated June 6, 2008, which was recorded in the official public records of Fort Bend County, Texas under Fort Bend County Clerk's file number 2008-063443, (the "Deed of Trust") in which the Debtor granted the Movant a lien on the following real property and improvements (the "Collateral"):

> Tract Thirty-Seven (37) in Richmond Road Farms, a subdivision in Fort Bend County, Texas, according to the map or plat thereof recorded in Volume 228, Pages 90, 90A and 90B of the Deed Records of Fort Bend County, Texas.

5. Pursuant to Bankruptcy Local Rule 4001(a)(6), copies of the following documents evidencing the debt, lien perfection and payment history are attached:

(1) 06/06/08    $982,000.00 Adjustable Rate Secured Note **[Exhibit 1]**;

(2) 06/06/08    Deed of Trust, Assignment of Leases and Rents and Security Agreement **[Exhibit 2]**;

(3) 06/20/08    UCC Financing Statement **[Exhibit 3]**

(4) Payment History since inception **[Exhibit 4]**;

6.      Prior to the Debtor's bankruptcy filing, the Bank Debtor failed to pay the indebtedness in accordance with the Note. The Movant made demand on the Debtor to cure its payment default, but the Debtor failed to do so. The Movant provided notice to the Debtor of its intent to foreclose its lien on the Collateral. The loan was never reinstated and remains due in full. The Debtor filed bankruptcy and the Movant hereby seeks relief from the automatic stay for cause, including lack of adequate protection.

7.      The Movant hereby seeks relief from the automatic stay for cause, including lack of adequate protection, for at least the following reasons:

   a.   The Debtor has insufficient income to propose a confirmable Plan.

   b.   The Debtor has filed its bankruptcy case in bad faith. It has no ability to confirm a Chapter 11 Plan. The case was filed by the Debtor solely to prevent foreclosure of the Collateral.

**Cause**

8.      Pursuant to 11 U.S.C. §362(d)(1), the automatic stay should be lifted for "cause" in regard to the Collateral. Although §362(d)(1) does not define "cause," courts have interpreted it as inherently broad and flexible, allowing the Court to provide equitable relief in certain situations. *In re Texas State Optical*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995) ("Cause is an intentionally broad and flexible concept that permits the Bankruptcy Court, as a court of equity, to respond to inherently fact-sensitive situations."). Further, it is a well-established rule that the burden of proof regarding the lack of cause for relief from stay rests with the Debtor under 11 U.S.C. §362(g) ("the party requesting relief has the burden of proof on the issue of the debtor's equity in property ... and the party opposing such relief has the burden of proof on all other issues").

[K:\Wpmain\23907\86910\MRS.wpd]

3

9. Many different issues support a finding of cause to lift the stay in this case. The Movant's interest in the Collateral is not adequately protected. The Movant is not receiving payments from the Debtor on the Debtor's obligations. The Movant has not received a payment from the Debtor since April 27, 2009. Under the Note terms, interest accrues on the debt under the Note at the default rate as referenced in the Note. The Collateral has insufficient value to adequately protect the Movant. Lack of adequate protection constitutes additional cause to lift and terminate the automatic stay under §362(d)(2).

### No Equity

10. Additionally, the stay should be lifted with regard to the Collateral pursuant to §362(d)(2) because the Debtor has no equity in the Collateral. The fair market value of the collateral according to the Movant's schedules is $965,320.00. The Movant's appraiser has valued the Collateral at $1,200,000.00. Regardless of which value is accurate, in light of the debt owed the Movant of $1,134,383.28 secured by the Collateral, the Debtor has no equity in the Collateral.

### No Confirmable Plan

11. The Debtor has not timely proposed a confirmable plan under 11 U.S.C. §1129.

### Not Necessary for Reorganization

12. The Collateral is not necessary to an effective reorganization. The Debtor bears the burden of proof on this issue under 11 U.S.C. §362(g). To meet its burden, the Debtor must demonstrate by a preponderance of the evidence that there is a "[r]easonable possibility of a successful reorganization within a reasonable time. *United Sav. Ass'n of Tex. V. Timber of Inwood Forest Assocs*. 484 U.S. 365, 376 (1988).

**Basis for Lifting Stay**

13. Pursuant to 11 U.S.C. §362(d)(1) and (2), the automatic stay should be terminated as to Movant for cause, for at least the following reasons:

   (a) The Debtor is in default in its payments to the Movant on the indebtedness secured by the Collateral.

   (b) The Debtor is unable to put forth a confirmable plan of reorganization.

   (c) The Debtor has no equity in the Collateral, and it is not necessary to an effective reorganization.

**Requested Relief**

For the reasons set forth herein, Movant requests that the automatic stay be in all things terminated as to the Collateral, that Movant be allowed to exercise it rights in and to the Collateral pursuant to the terms of the Deed of Trust and Note and foreclose its lien on the Collateral, and that Movant have such other and further relief, legal and equitable to which it is justly entitled.

Respectfully submitted,

**CHERNOSKY, SMITH, RESSLING & SMITH, PLLC**

By:  /S/ MICHAEL J. SMITH
      MICHAEL J. SMITH
      TBA No. 18650880
      4646 Wild Indigo, Suite 110
      Houston, Texas  77027
      Telephone:   (713) 800-8608
      Facsimile:    (713) 622-1026
**Counsel for Movant, Foundation Capital Resources**

**Certificate of Conference**

Counsel for Movant emailed a copy of this Motion to Calvin C. Braun, Counsel for the Debtor, on December 15, 2010 inquiring whether the Debtor had any opposition to the Motion. Further attempts to confer with Mr. Braun prior to filing were unsuccessful, and no agreement on the Motion could be reached.

                                                   /s/ MICHAEL J. SMITH
                                                   Movant's Counsel

**Certificate of Service and Certificate of Compliance with BLR 4001**

A copy of this motion was served on the persons shown on Service List below at the addresses reflected thereon on December 22, 2010, by prepaid United States first class mail. Movant certifies that movant has complied with Bankruptcy Local Rule 4001.

                                                   /S/ MICHAEL J. SMITH
                                                   Movant's Counsel

## SERVICE LIST

**DEBTOR:**
Christ Healing Church
9915 Belknap Road
Sugar Land, Texas 77478
*Via First Class Mail*

**DEBTOR'S COUNSEL:**
Calvin C. Braun
Orlando & Braun, LLP
3401 Allen Parkway, Suite 101
Houston, Texas 77019
Telephone: (713) 521-0800
Facsimile: (713) 521-0842
Email: calvinbraun@orlandobraun.com
*Via Electronic Notice*

**U.S. TRUSTEE:**
Stephen Douglas Statham
Office of U.S. Trustee
515 Rusk, Suite 3516
Houston, Texas 77002
Telephone: (713) 718-4650 ext. 252
Facsimile: (713) 718-4680
Email: stephen.statham@usdoj.gov
*Via Electronic Notice*

**(20) LARGEST UNSECURED CREDITORS SCHEDULED BY DEBTOR, PARTIES IN INTEREST AND THOSE REQUESTING NOTICE:**

Aimua Construction, LLC
6801 Baneway, Suite 2H
Houston, Texas 77072

Allied Waste Services
13630 Fondren Road
Houston, Texas 77085

Colorado Electric Supply, Ltd.
d/b/a City Electric Supply
c/o John D. Herberger
11767 Katy Freeway, Suite 920
Houston, Texas 77079

Dele Mar Construction
214 E. Chaparral
San Juan, Texas 78569

ISC Building Materials
1400 W. Commerce
Dallas, TX 75208

Keaton Construction Company, LLC
9555 W. Sam Houston Pkwy S, Suite 305
Houston, Texas 77099

Office of US Trustee
515 Rusk, Suite 3516
Houston, Texas 77002

[K:\Wpmain\23907\86910\MRS.wpd]

1