IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-35919-H4-11 |
| CHRIST HEALING CHURCH | § | |
| | § | |
| Debtor | § | |
| | § | CHAPTER 11 PROCEEDING |
| | § | |
| | § | |

**DEBTOR'S PLAN OF REORGANIZATION**

================================  ==========

Christ Healing Church
9915 Belknap Road
Sugar Land, Texas 77478


Calvin Braun
Orlando & Braun, LLP
3401 Allen Parkway, Suite 101
Houston, Texas 77019
(713) 521-0800
(713) 521-0842 fax

ATTORNEYS FOR DEBTOR


**March 8, 2011**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 10-35919-H4-11 |
| CHRIST HEALING CHURCH § | |
| § | |
| Debtor § | |
| § | CHAPTER 11 PROCEEDING |
| § | |
| § | |

### DEBTOR'S PLAN OF REORGANIZATION

Christ Healing Church (referred to hereinafter as "Healing" or the "Debtor"), proposes this Plan of Reorganization (the "Plan") pursuant to Section 1121 of the Bankruptcy Code.

### ARTICLE I

### DEFINITIONS

For purposes of the Plan, the following terms shall have the respective meanings specified as follows:

1.01  "Allowed Claim" or "Claim" shall mean (i) a Claim evidenced by a proof of claim filed on or prior to the Bar Date which is either not scheduled by the Debtor or scheduled by the Debtor as disputed, contingent or unliquidated as to which no objection has been made within 90 days after the Effective Date or (ii) a Claim scheduled by the Debtor and not shown as disputed, contingent or unliquidated, or (iii) a Claim for payment for compensation as provided for under Section 507(a) of the Bankruptcy Code which is allowed, approved and ordered paid by the Bankruptcy Court, or (iv) any Claim ordered paid by the Bankruptcy Court.  An Allowed Claim may refer to a Secured Claim, Unsecured Claim or Section 507 Claim (Unsecured Priority Claim) as the context provides.

1.02  "Allowed Secured Claim" shall mean the amount of any Secured Claim which is allowed by the Court pursuant Section 506(a) of the Bankruptcy Code.

1.03  "Bankruptcy Code" shall mean the Bankruptcy Code of 1978 as contained in Title 11 U.S.C. §101 et. seq. and amendments thereto.

1.04  "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of Texas, Houston Division, having jurisdiction over the captioned case.

1.05 "Bankruptcy Rules" shall mean the Federal Rules of Bankruptcy Procedure, as amended and prescribed under 28 U.S.C. §2075 (1978), applicable to the captioned Chapter 11 reorganization case.

1.06 "Bar Date" shall mean the deadline established by the Bankruptcy Court as the Bar Date with respect to the Debtor and is the date after which any Claims which must be filed will be void and disallowed for purposes of voting or distribution.

1.07 "Confirmation Date" shall mean the date the Plan is confirmed by the Bankruptcy Court.

1.08 "Consummation of the Plan" shall mean that certain event that shall occur upon the execution and delivery of documents by the Debtor.

1.09 "Creditor" shall mean any entity holding a Claim.

1.10 "Debtor" or "Healing", Christ Healing Church, Texas non-profit corporation created under the laws of the State of Texas on June 19, 1991 pursuant to that certain Articles of Incorporation, as subsequently amended, supplemented and/or restated. The Debtor in the captioned Chapter 11 case.

1.11 "Disclosure Statement" shall mean Debtor's Disclosure Statement, as may be amended or supplemented, filed by the Debtor pursuant to the Plan.

1.12 "Effective Date" shall mean the later of (i) the date that is fourteen (14) days after the Order confirming the Plan is entered on the docket by the Clerk of the Bankruptcy Court, unless an appeal from such order is filed and a stay pending appeal is issued, or (ii) the date one day after the date on which an order is entered denying or dissolving a stay of the order confirming the Plan incidental to an appeal from the order confirming the Plan.

1.13 "Filing Date" shall mean July 12, 2010, the date the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code.

1.14 "Plan" shall mean this Plan of Reorganization in its present form or as it may be modified, amended or supplemented.

1.15 "Property" shall mean all real property and inventory, chattel paper, accounts, contract rights, general intangibles and equipment, together with a list of specific equipment.

1.16 "Secured Claim" shall mean any Claim against the Debtor's estates for which the holder thereof claims a lien, security interest, or other encumbrance on the property of the Debtor as security for repayment thereof, and which lien, security interest or other encumbrance has been properly perfected as required by law, to the extent of the value of the security.

1.17 "Unsecured Claim" shall mean a Claim against the Debtor incurred prior to the Filing Date (or deemed by law to have been incurred prior to the Filing Date), other than a Secured Claim or a Claim entitled to priority pursuant to Section 507(a) of the Bankruptcy Code.

1.18 "Acceptance" shall mean to date the Plan of Reorganization is confirmed by the Court (see Confirmation Date).

A term in this Plan not otherwise defined herein but used in the Bankruptcy Code shall have the definition assigned to such term in the Bankruptcy Code.

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

The Plan provides for the division of Claims and Interests into four (4) classes.

2.01 Class 1.

Class 1 shall consist of the Allowed Claims entitled to priority under Section 507(a)(1) through (7) of the Bankruptcy Code, including the fees for services rendered and expenses incurred by the court-appointed counsel and other professionals for the Debtor through the Closing Date.

2.02 Class 2.

Class 2 shall consist of the Allowed Secured Claims of Foundation Capital Resources, Inc., loan against the bankruptcy estate pursuant to a promissory note dated June, 6, 2008 and executed by the Debtor as Makers, payable to the order of Foundation Capital Resources, Inc., in the original principal sum of $982,000.00.

2.03 Class 3.

Class 3 shall consist of the Allowed Secured Claim of Colorado Electric Supply, Ltd. d/b/a City Electric Supply ("City"), against the bankruptcy estate pursuant to a filed Mechanic's and Materialsman's Lien dated March 13, 2009 filed withe the real property records of Fort Bend County in the amount of $5,489.63. Said amount of debt is actually $3,019.13 and City shall amend it previously filed proof of claim.

2.04 Class 4.

Class 4 shall consist of the Disputed Partially Secured and Unsecured Claim of Keaton Construction Company, LLC. ("Keaton"), against the bankruptcy estate pursuant to a filed Mechanic's and Materialsman's Lien dated February 24, 2009 filed withe the real property records of Fort Bend County in the amount of $224,129.12.

2.05   Class 5.

Class 5 shall consist of all Allowed Nonpriority Claims of Unsecured Creditors. According to the Debtor's Schedules A Through J filed with the Bankruptcy Court, the unsecured claims in Class 4 have been estimated at approximately $15,709.38.

Additionally, any lawsuits filed against the Debtor related to pre-petition claims, to the extent such claims are not covered by insurance, and any allowed claims arising from rejection of executory contracts and unexpired leases will also be included in this class.

## ARTICLE III

## TREATMENT OF CLASSES UNDER THE PLAN

3.01   **Class 1.  Administrative Claims (Not Impaired)**.  Class 1 shall consist of the Allowed Claims entitled to priority under Section 507(a)(1) through (7) of the Bankruptcy Code, including the fees for services rendered and expenses incurred by the court-appointed counsel and other professionals for the Debtor through the Closing Date.

The claims in Class 1 shall be treated in the following fashion:  Each Creditor in Class 1 shall be paid in cash on the Closing Date if such Creditor's Claim has matured or been approved or allowed by the Bankruptcy Court, if such approval or allowance is required.  Each such Claim requiring approval or allowance of the Bankruptcy Court shall be paid in cash upon approval or allowance by the Bankruptcy Court, unless each such Creditor agrees to a different treatment.  All fees for services rendered and expenses incurred after the Closing Date by court-appointed counsel and other professionals for the Debtor shall be paid by the Debtor in the ordinary course of its business without the necessity of filing fee applications or seeking approval or allowance of the Bankruptcy Court.  The total amount of post-Filing Date fees and expenses of counsel for the Debtor will depend upon factors which are, to a large extent, outside the control of the Debtor, such as the ability of the Debtor and its Creditors to agree on the treatment afforded to Creditors under the Plan and the nature and extent of pre-Confirmation Hearing legal actions taken by the Debtor's Creditors.  Subject to such uncertainties, it is anticipated that the post-Filing Date fees and expenses of Debtor's counsel incurred prior to the conclusion of the Confirmation Hearing will be approximately $25,000.00.

Additionally, there will be post petition trustee quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) for the third and fourth quarters which will be paid with the proceeds from the operation of the business.

The Debtor in Possession shall be responsible for the timely payment of the fees incurred pursuant to 28 U.S.C. §1930(a)(6).  After confirmation, the Debtor in Possession shall file with the Court and serve on the United States Trustee a monthly financial report for each month (or portion thereof) the case remains open in a format prescribed by the United States Trustee and provided to the Debtor by the United States Trustee.

3.02. **Class 2 Secured Claim- Foundation Capital Resources, Inc. (Impaired)**

Class 2 shall consist of the Allowed Secured Claims of Foundation Capital Resources, Inc., loan against the bankruptcy estate pursuant to a promissory note dated June, 6, 2008 and executed by the Debtor as Makers, payable to the order of Foundation Capital Resources, Inc., in the original principal sum of $982,000.00.

The Allowed Secured Claim of Capital, shall be deemed current as to all pre-petition arrearage and shall be cured as of the Effective Date. Said loan has previously converted to permanent financing as per the promissory note terms. The promissory note shall be modified as follows: (1) One month after the Effective Date the monthly payments to Capital shall be $6,000.00 for the first 12 months to allow the debtor some time to develop business and generate income. Thereafter, Capital will increase the monthly installments of $1,000 each year for the next 4 years (e.g. $7,000.00 months 13-24, $8,000 months 25-36, $9,000 months 37-48 and $10,000 months 49-60). Thereafter, upon the expiration of the 5 year stair step payments, the lender shall modify the existing promissory note with a fully amortize the remaining loan balance over 25 years with monthly payments of $9,223.72 each at a 8.5% fixed rate of interest. Further, said previously stated prepayment penalty language contained within the promissory note shall be deleted, null and void upon the Effective Date.

Notwithstanding any provisions to the contrary in the Debtor's Plan, the Debtor's Disclosure Statement or any orders approving Debtor's Plan and Disclosure Statement, Foundation Capital Resources, Inc., shall retain its first priority lien in and against Debtor's real and personal property.

3.03. **Class 3. Secured Claim- Colorado Electric Supply, Ltd   (Impaired)**

Class 3 shall consist of the Allowed Secured Claim of Colorado Electric Supply, Ltd. d/b/a City Electric Supply ("City"), against the bankruptcy estate pursuant to a filed Mechanic's and Materialsman's Lien  dated March 13, 2009 filed withe the real property records of Fort Bend County in the amount of $5,489.63. Said amount of debt is actually $3,019.13 and City shall amend it previously filed proof of claim.

The Allowed Secured Claim of City shall be paid in full over a period of 36 months at a rate of interest of 5% with the first payment of principal and interest being due 30 days after the Effective Date in the amount of $90.50. Said payments shall continue thereafter monthly until paid in full, upon which said lien shall be released by City.

3.04. **Class 4.   Partially Secured and Unsecured Claim- Keaton Construction Company, LLC (Impaired)**

Class 4 shall consist of the Disputed Partially Secured and Unsecured Claim of Keaton Construction Company, LLC. ("Keaton"), against the bankruptcy estate pursuant to a filed Mechanic's and Materialsman's Lien  dated February 24, 2009 filed withe the real property records of Fort Bend County in the amount of $224,129.12.

The Debtor believes said proof of claim is inaccurate as to amounts due and believes that Keaton is in breach of it contract as to duties as general contractor. The Debtor shall seek to litigate this matter within the bankruptcy court. Should the bankruptcy court determine that there is an Allowed Secured Claim of Keaton then it shall be paid in full over a period not to exceed 96 months at a rate of interest of 5% with the first payment of principal and interest being due 30 days after the Effective Date. Said payments shall continue thereafter monthly until paid in full, upon which said lien shall be released by Keaton.

3.05.   **Class 5.  Claims of Nonpriority Unsecured Creditors (Impaired)**.

Class 5 shall consist of all Allowed Nonpriority Claims of Unsecured Creditors. According to the Debtor's Amended Schedules A Through J filed with the Bankruptcy Court, the unsecured claims in Class 5 have been estimated at approximately $15,709.38.

Additionally, any lawsuits filed against the Debtor related to pre-petition claims, to the extent such claims are not covered by insurance, and any allowed claims arising from rejection of executory contracts and unexpired leases will also be included in this class.

Each Unsecured Creditor with an Allowed Unsecured Claim (meaning not listed as contingent, unliquidated or disputed within Schedule F or any amendment filed with the Court or if so classified, then determined by the Court to be an allowed valid claim) in Class 5, will be the payee of the global promissory note, each creditors will be paid a pro-rata amount (the pro-rata portion is determined by dividing the allowed claim of each creditor claim by the total amount of all allowed claims) out of the total sum of $15,709.38. The promissory note in the amount of $15,709.38 shall be created with the Debtor's acting as the disbursing agent. Said promissory note shall have a zero (0%) interest rate and be payable over 60 month period with payments to Class 5 to commence the third month after the Effective Date and continue every 90 days thereafter for the 60 month period. The Debtor shall make the first installment of $296.50 thirty (30) days after the Effective Date and continue monthly payments of $296.50 a month for a total of 60 months. Said monthly payments shall be paid into the checking account set up by the Debtors, and styled as Unsecured Creditors Disbursement Account and Case Number. The Debtor shall be discharged of any and all liability upon the entry of the discharge.

## ARTICLE IV

## CRAMDOWN

4.01   In the event any Class rejects the Plan, the Debtor will seek to invoke the provisions of Section 1129(b) of the Bankruptcy Code and confirm the Plan notwithstanding the rejection of the Plan by any Class of Claims or interests.

## ARTICLE V

5.01 <u>Means for Execution of Plan</u>.

Debtor will meet the above described obligations by reducing various cost of operations and continued operations of the church facilities. In addition to the continued contribution income from the congregation.

## ARTICLE VI

## DEFAULT

6.01 Subject to any specific default provisions stated in the Plan Documents, in the event that the Debtor breaches any covenant or provision of this Plan or in the underlying documentation evidencing the secured indebtedness, and thereafter fails to remedy or resolve such breach within sixty (60) days from the date of receipt of written notice of such breach, then any Creditor with an Allowed Claim, at its option, may declare that the Debtor is in default of this Plan. Upon the declaration of default as provided herein, the declarant may exercise any remedies available under law.

## ARTICLE VII

## EXECUTORY CONTRACTS

7.01 The Plan seeks to assume all executory contracts excluding those specifically rejected during the Reorganization Case.

## ARTICLE VIII

## MODIFICATION OF THE PLAN

8.01 The Debtor may propose amendments and modifications of this Plan through the Confirmation Date, with leave of the Bankruptcy Court upon appropriate notice. After the Confirmation Date, the Debtor may, with approval of the Bankruptcy Court, so long as it does not materially or adversely affect the interests of the Creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in the Order of confirmation in such manner as may be necessary to carry out the intendment of this Plan. After the Confirmation Date, the Debtor may, with approval of the Court, modify the Plan as to any Class, even though such modification materially affects the rights of the Creditors or Interest Holders in such Class; <u>provided</u>, <u>however</u>, such modifications must be accepted as to Classes of Creditors by at least sixty-six and two-thirds percent (66-2/3%) in amount of Allowed Claims voting in each such Class and fifty-one percent (51%) in number of Allowed Claims voting in such Class, and as to Classes of Interest holders by at least sixty-six and two-thirds percent (66-2/3%) in amount of Allowed Interests voting in each such Class; and <u>provided</u>, <u>further</u>, that additional disclosure material needed to support such

modification shall be approved by the Court in the manner consistent with Section 1125 of the Bankruptcy Code and Rule 3017 of the Federal Rules of Bankruptcy Procedure. With respect to all proposed modifications to the Plan, both before and after confirmation, Debtor shall comply with the requirements of Section 1127 of the Bankruptcy Code.

## ARTICLE IX

## JURISDICTION OF THE COURT

9.01    The Court shall retain exclusive jurisdiction of this case after the Confirmation Date until the case is closed with respect to the following matters:

- A. to classify, allow or disallow Claims and direct distributions of funds under the Plan and to hear and determine any controversies pertaining thereto;

- B. to hear and determine any and all applications, contested matters, or adversary proceedings arising out of or related to this Plan or as otherwise might maintainable under the applicable jurisdictional scheme of the Bankruptcy Code prior to confirmation;

- C. to enter and implement such orders as may be appropriate in the event the order confirming this Plan is for any reason stayed, reversed, revoked or vacated;

- D. to liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent or unliquidated claim;

- E. to adjudicate all Claims to any lien on any of the Debtor's assets or any proceeds thereof;

- F. to approve the sale of any assets of the Debtor and to make such orders as are necessary or appropriate to carry out this Plan;

- G. to hear and determine matters concerning state, local and federal taxes pursuant to Sections 346, 505, 525 and 1146 of the Bankruptcy Code;

- H. to hear and determine any dispute or any other matter regarding the Debtor's breach of this Plan or any matter relating to this Plan; and

- I. to maintain exclusive original jurisdiction for claims under Sections 544, 545, 546, 547, 548, 549 and 550 of the Bankruptcy Code, which can be maintained by the Debtor.

## ARTICLE X

### EFFECT OF CONFIRMATION

10.01  As provided for in Section 1141(d) of the Bankruptcy Code, the provisions of Debtor's Plan shall bind the Debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the Claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.  As provided for in Section 1141(d) of the Bankruptcy Code confirmation of Debtor's Plan vests all of the property of the estate in the Debtor.  Confirmation of the Plan shall act as a discharge of the Debtor to the full extent permitted by §1141(d)(1) of the Bankruptcy Code, except as otherwise may be provided in the Plan.  After confirmation of the Debtor's Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors and equity security holders, except to the extent as provided for in the Debtor's Plan.  The Order confirming the Plan shall contain an appropriate provision to effectuate the terms of this paragraph 10.01 of the Plan.

Respectfully submitted this 8th  day of March, 2011.

CHRIST HEALING CHURCH


By:__/s/ Victor Ade Iyamu_____
        Victor Ade Iyamu, Pres.




OF COUNSEL:

CALVIN BRAUN
ORLANDO & BRAUN LLP
Texas State Bar No. 00783713
3401 Allen Parkway, Ste. 101
Houston, Texas  77019
(713) 521-0800
(713) 521-0842 fax

COUNSEL FOR DEBTOR